## No. 895

### KIRK v. STATE ex HART

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 726. Decided June 30, 1926

315. COSTS & FEES—Attorneys fee in favor of complainant's attorney are not to be taxed as part of the costs in bastardy proceedings where the statute under which such proceedings is brought does not expressly authorize such fee. (Construing 12115 GC. et seq.)

BY THE COURT.

This case was tried in the Montgomery Common Pleas and was a paternity case in which George Kirk was convicted under the statute and a judgment was rendered against him in the sum of $150 and costs of prosecution including attorney's fee in favor of complainants attorney for $300.

Error was prosecuted by Kirk and the Court of Appeals held:

1. There was sufficient evidence to sustain the conviction as to the paternity of the child, and the verdict was not contrary to the manifest weight of the evidence.

2. The allowance of an attorney's fee in favor of the complainant's attorney was error for there is nothing in the statute expressly authorizing an allowance for an attorneys fee.

3. The statute provides for a judgment against the defendant for costs of the prosecution; but this of itself does not include the right to tax an attorney fee.

4. The rule in this state is that an attorney fee should not be taxed as part of the cost unless expressly authorized by statute; and the judgment so far as it relates to the attorney fee will be vacated; but affirmed in all other respects.

Judgment as modified, affirmed.

Attorneys—Kelley & Knee for Kirk; McConnaughey & Shea and Marshall & Harlan; and L. B. McIlhenny for State ex; all of Dayton.

---

## No. 896

### GERBER v. STATE

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6410. Decided May 10, 1926

841. NEW TRIAL—Where accused pleads guilty to indictment under mistaken belief that by so doing he will be placed on probation, motion for a new trial should be granted.

PER CURIAM.

Abraham Gerber entered a plea of guilty to an indictment in the Cuyahoga Common Pleas. It seems that he was under the impression that following his plea of guilty, he would be placed upon probation; and that he would not have entered the plea of guilty were it not for such mistaken belief.

Gerber was sentenced to imprisonment in the penitentiary; and upon the motion for a new trial being overruled, error was prosecuted. The Court of Appeals held:

1. Following conferences had with counsel for Gerber and the members of the prosecuting attorney's office, Gerber, on advice of his counsel, entered a plea of guilty with the assurance of said counsel that an agreement had been reached to the effect that in the event of a plea of guilty, he would be placed upon probation.

2. A plea under such circumstances can hardly be regarded as a voluntary plea; and in the interests of justice, Gerber should be given an opportunity to change his plea and present his defense.

3. It was clearly the duty of the trial court to grant a new trial under the circumstances and there was error in overruling the motion for a new trial.

Judgment reversed and cause remanded.

Attorneys—L. C. Tucker for Gerber; E. C. Stanton for State; both of Cleveland.