Jones, J.
 

 One question only is presented by this record. Did the law existing at the time of these proceedings authorize the recovery by the complainant for the expenses and time employed by
 
 *379
 
 her in the maintenance and care of the bastard child from the date of its birth to the date of the hearing? Was she entitled to the fair and reasonable value of the attorney fees in the prosecution of that proceeding?
 

 The attorney fees were testified to have been reasonably worth $150 for the prosecution of the bastardy proceedings before the justice of the peace and in the trial court. The record discloses that after the period of pregnancy and birth, the complainant left the hospital and went to the home of her mother, where she fully recovered, after á period of three weeks. The complainant testified that since the baby’s birth all her time was employed in its care with the exception of about two hours in the morning and two hours in the afternoon when the baby was asleep. She further testified that she spent about $25 for its clothing, and that the care of her baby was worth about $9 per week.
 

 By far the greater amount of the judgment awarded against the defendant was evidently for the care and maintenance of the child by the mother during the time between birth and the trial. The Court of Appeals held that she was not entitled to recover attorney fees, nor for maintenance and care given her bastard child during that period.
 

 A reputed father of a bastard child is not legally and financially responsible for its maintenance unless there is a statute imposing such a duty upon him. It is claimed by the plaintiff in error that this financial obligation to pay attorneys’ fees and to pay for the child’s care and maintenance until the time of hearing is imposed upon the reputed
 
 *380
 
 father of a bastard child by Section 12123, General Code (110 Ohio Laws, 299). That section reads' as follows:
 

 “If, in person or by counsel, the accused confesses in court that the accusation is true or, if the jury find him guilty, he shall be adjudged the reputed father of the bastard child and the court shall thereupon adjudge that he pay to the complainant such sum as the court may find to be necessary for her support, maintenance and necessary expenses, caused by pregnancy and childbirth together with costs of prosecution. * * * Provided, however, that nothing in this section shall be construed as a bar to the prosecution of the accused for failure to support his illegitimate child or children under the provisions of any statute providing for prosecution and punishment for non-support of legitimate or illegitimate children.”
 

 The foregoing section, together with some 15 others of the Bastardy Act, were amendments to former sections of the General Code, and were passed by the General Assembly on April 5, 1923. It will be noted that Section 12123, General Code, as amended, provides that the court shall adjudge that the defendant pay the complainant such sum as the court may find to be necessary “for her support, maintenance and necessary expenses, caused by pregnancy and childbirth together with costs of prosecution.” It will be observed that it is for her support only with which the defendant is charged by the statute, and not with the support of the bastard child. Prior to this amendment the statute provided that the reputed father of the illegitimate child should “stand charged
 
 *381
 
 with its maintenance in such sum as the court orders,” and “with payment of costs of prosecution.” Section 5626, Revised Statutes. Why the Legislature eliminated the charge for maintenance of the child as it formerly existed, and amended the statute in 1923, charging a sum for her (complainant’s) support, maintenance, and necessary expenses, we do not know. The reason for this change may be attributed to the fact that the Legislature in its 1923 amendment of Section 12123, General Code, provided that the section should not be construed as a bar to the prosecution of the accused for failure to support his illegitimate child under the provisions of other statutes. Prior to the amendments of 1923 the reputed father of a bastard child could not be prosecuted for nonsupport.
 
 Creisar
 
 v.
 
 State,
 
 97 Ohio St., 16, 119 N. E., 128. But after these amendments, and especially by the amendment of Section 1655, General Code, fathers of children, legitimate or illegitimate, may now be prosecuted for nonsupport. In that respect those children are placed, except as to age of minority, on an even plane. We are not concerned with legislative policy or wisdom. However, the fact remains that before the amendment of Section 12123, General Code, the father of a bastard child stood charged only “with its maintenance.” But as the statute now stands, that provision has been eliminated, and in lieu thereof provisions are made for “her [the mother’s] support, maintenance and necessary expenses.”
 

 We all agree that Section 12123, General Code, does not authorize the trial court to charge the defendant with attorney fees as “costs of prosecu
 
 *382
 
 tion.” It is well known that “costs of prosecution” do not include attorney fees unless there be a statute explicitly making such a part of the costs. The statute under consideration does not do that, and, of course, they cannot be said to be necessary expenses caused by pregnancy and childbirth.
 

 The Court of Appeals was right in holding that the evidence offered tending to sustain these items was erroneously admitted. Certainly the mother, under the explicit provisions of the statute, was entitled to such sum as was necessary for her own support, maintenance, and expenses arising during pregnancy and childbirth, and until her recovery three weeks thereafter. She was not authorized to recover more.
 

 Since we are unable to determine from this record how much of the amount adjudged against the defendant was for her support, and how much for the child’s, we affirm the judgment of the Court of Appeals and remand the cause to the trial court for further proceedings.
 

 Judgment affirmed and cause remanded.
 

 Day, Kinkade, Robinson and Matthias, JJ., concur.