JELEN, APPELLEE AND CROSS-
APPELLANT, *v.* PRICE, APPELLANT AND
CROSS-APPELLEE.

(No. 43709—Decided January 27, 1983.)

*Mr. Joseph P. Meissner,* for appellee
and cross-appellant.

*Mr. Donald H. Buckley,* for appellant
and cross-appellee.

JACKSON, J. This is an appeal, and a
cross-appeal, from a decision of the
Juvenile Division of the Cuyahoga County
Court of Common Pleas finding that
defendant-appellant, W. Douglas Price, is
the father of Kathleen Marie Jelen and
ordering appellant to pay certain ex-
penses and costs.

Appellee, Christine Jelen, testified
that she and appellant had sexual inter-
course regularly between January and
May 1979, and on June 22, 1979. Price ad-
mitted to having sex with appellee in May
1979, but denied having intercourse with
her after that month. Appellee filed this
paternity suit on January 29, 1980, during
her pregnancy. Her child Kathleen was
born April 19, 1980. A blood grouping test
did not exclude appellant from being the
father, so the case was set for trial.

On February 19, 1981, appellee
moved the trial court to enlarge her list of
trial witnesses by six witnesses. On
February 23, 1981, appellant objected to
appellee's request to enlarge the witness
list on the ground that he was prejudiced
by the untimely request because he would
be unable to conduct discovery concerning
those witnesses before trial. Appellant did
not move the trial court for a continuance
of the trial date. Following presentation
of the evidence, the jury found appellant
to be the father of appellee's child.

After the verdict of the jury was
returned, appellee moved the trial court
for the payment of her maternity ex-
penses and support for the minor child.
She also moved the trial court for the pay-
ment of attorney fees and the wages she
lost during her pregnancy. The trial court
overruled appellee's request for attorney
fees and lost wages, but ordered appellant

to pay medical expenses and costs. Appellant filed a timely notice of appeal and appellee filed a timely cross-appeal.

## I

Appellant assigned three errors.

In his first assignment of error[1] appellant asserts that the trial court abused its discretion when it permitted appellee to use appellant's unsigned deposition to impeach him during the cross-examination at trial. This contention is without merit.

The record indicates that prior to the commencement of trial appellant was deposed by appellee and he refused or failed to sign the deposition. Over appellant's objection at trial, appellee was permitted to use the deposition for the purpose of refreshing appellant's recollection and impeaching his credibility.

Pursuant to Civ. R. 30(E), a trial court is vested with sound discretion to permit the use of an unsigned deposition where it appears to the court that there was no good reason for the deponent's refusal to sign the deposition:

"When the testimony is fully transcribed the deposition shall be submitted to the witness for examination and shall be read to or by him, unless examination and reading are waived by the witness and by the parties. Any changes in form or substance which the witness desires to make shall be entered upon the deposition by the officer with a statement of the reasons given by the witness for making them. The deposition shall then be signed by the witness, unless the parties by stipulation waive the signing or the witness is ill or cannot be found or refuses to sign. *If the deposition is not signed by the witness within twenty-eight days of its submission to him, the officer shall sign it and state on the record the fact of the waiver or of the illness or absence of the witness or the fact of the refusal to sign together with the reason, if any, given therefor; and the deposition may then be used as fully as though signed, unless on a motion to suppress the court holds that the reasons given for the refusal to sign require rejection of the deposition* in whole or in part." (Emphasis added.)

In the case at bar the record fails to demonstrate good cause for appellant's refusal or failure to sign his deposition.[2] Moreover, the record fails to demonstrate that the trial court's decision to permit appellee to use the deposition was arbitrary or unreasonable under the circumstances. Appellant's first assignment of error is without merit.

In his second assignment of error[3] appellant asserts that the trial court committed reversible error in failing to sustain his objection to appellee's written request to enlarge her list of witnesses prior to trial. This contention is without merit.

Pursuant to Civ. R. 26, a party may obtain from another party a list of those expert witnesses which such other party intends to call at trial. Pursuant to Civ. R. 26(E), a party responding to a request for a list of expert witnesses is under a duty to reasonably supplement an answer to such a request for a list of expert witnesses.

In the case at bar, appellant failed to

---

[1] Appellant's first assignment of error provides:

"The trial court erred in admitting the deposition of the appellant at the time of trial for the purpose of cross-examination when the deposition had never been submitted to the appellant for signature."

[2] Prior to trial appellee formally requested appellant to admit, pursuant to Civ. R. 36, that the deposition was his and that the transcript was accurate. Appellant failed to respond adequately to the request prior to trial.

[3] Appellant's second assignment of error provides:

"It was error for the trial court to sustain the appellee's motion to enlarge the list of witnesses when that motion was filed just five days before trial."

file a request for a list of expert witnesses prior to the commencement of trial. When appellee voluntarily informed appellant of her intent to call several additional expert and nonexpert witnesses at trial, appellant objected.

While the trial court failed to expressly sustain appellant's objection to appellee's enlarged witness list, the record reveals that none of the persons listed by appellee was called to testify at trial by the appellee. Moreover, appellant himself called two of the witnesses to testify on his own behalf. If it were assumed *arguendo* that it was error for the trial court to fail to expressly sustain appellant's objection to appellee's enlarged list of witnesses, the error was harmless.

In his third assignment of error[4] appellant asserts that the trial court erroneously admitted a certain letter into evidence.

Prior to the commencement of trial, appellee served upon appellant a copy of a letter written by a physician in New York and asked appellant to admit the authenticity of the letter. The letter indicated that when appellee gave birth by artificial insemination in 1974, she was late in delivering the child. Appellant objected to appellee's request for the admission on the ground that the letter was irrelevant in the case at bar.

There is nothing in the record which would indicate that the letter from the physician was ever introduced into evidence at trial. Accordingly, even were it assumed *arguendo* that it was error for the trial court to fail to expressly sustain appellant's pretrial objection to the letter, such error was harmless.

Appellant's third assignment of error is without merit.

## II

In her first assignment of error[5] appellee (cross-appellant) asserts that the trial court erred in refusing her request for lost wages.

The record indicates that prior to her pregnancy, appellee was working two part-time jobs. The record further indicates that in October 1979, appellee quit her job as a cocktail waitress because her uniform fit too tightly and she could no longer continue such employment. After trial, appellee moved the trial court for an order compelling appellant to pay her the wages she lost as a consequence of the pregnancy, and this motion was overruled.

It is well-established that statutes relating to the duties and financial responsibilities of an adjudged reputed father to an illegitimate child are in derogation of the common law and must be strictly construed. *State, ex rel. Griffin,* v. *Zimmerman* (1941), 67 Ohio App. 272 [21 O.O. 253]; *State, ex rel. Davis,* v. *Brown* (C.P. 1951), 60 Ohio Law Abs. 183.

Pursuant to R.C. 3111.17, a trial court may award to a complainant in a paternity action a sum for her "support and maintenance"; the statute does not authorize a trial court to award lost wages to a complainant.[6] Former R.C. 3111.17, at the time relevant herein, provided in part:

"If the accused in a proceeding under sections 3111.01 to 3111.24 of the Revised Code, confesses in court, in person or by counsel, that the accusation is true or if

---

[4] Appellant's third assignment of error provides:

"The trial court erred in sustaining the appellee's motion to admit a letter into evidence from a medical doctor in New York State."

[5] Appellee's first assignment of error provides:

"The court committed prejudicial error in its failure to award lost wages and salary as part of the necessary expenses of pregnancy, as provided for in O.R.C. Sec. 3111.17."

[6] We have not discovered a decision by an Ohio court which authorizes an award of lost wages to a complainant in a paternity suit.

the jury finds him guilty, he shall be adjudged the reputed father of the child. If the child is alive, the court shall adjudge that he pay to the complainant the sum the court finds necessary for her *support and maintenance,* and the necessary expenses caused by pregnancy and childbirth, together with costs of prosecution, and that a reasonable weekly sum be paid complainant for support and maintenance of the child until he becomes eighteen years of age." (Emphasis added.)

In the case at bar, while appellee requested a sum for lost wages, appellee did not request any sum for her support and maintenance. Because R.C. 3111.17 does not provide for an award of lost wages, and because R.C. 3111.17 is in derogation of the common law and must be strictly construed, the trial court properly overruled her motion for lost wages. Appellee's first assignment of error is not well-taken.

In her second assignment of error[7] appellee contends that the decision of the trial court denying her request for attorney fees violates the Equal Protection Clause of the United States Constitution.

It is well-established in Ohio, and throughout the United States, that a litigant has no inherent right to have his attorney fees paid by his opponent in the absence of some provision for such an allowance, either in a statute, or rule of court, or some contractual provision or stipulation. *Sorin* v. *Bd. of Edn.* (1976), 46 Ohio St. 2d 177 [75 O.O.2d 224]; *State, ex rel. Michaels,* v. *Morse* (1956), 165 Ohio St. 599 [60 O.O. 531]; *State, ex rel. Beebe,* v. *Cowley* (1927), 116 Ohio St. 377; 1 Speiser, Attorneys' Fees (1973), Section 12:3.

Furthermore, it is equally well-established in Ohio that absent a statutory right to attorney fees, a complainant in a paternity action may not recover her attorney fees as costs of the action. *State, ex rel. Beebe,* v. *Cowley, supra; State, ex rel. Raydel,* v. *Raible* (C.P. 1953), 64 Ohio Law Abs. 438, affirmed (App. 1954), 69 Ohio Law Abs. 356; *Kirk* v. *State, ex rel. Hart* (App. 1926), 4 Ohio Law Abs. 719.

Appellee did not raise her constitutional objections regarding the failure of the court to award her attorney fees in the juvenile court.

During the course of trial in the case at bar, counsel for appellee made the following statement in support of his argument for allowance of attorney fees:

"Finally we're making an argument, too, in this case because of the extent of lawyer time that had to be put in by myself on behalf of Legal Aid, that there's a possible argument that that time should be reimbursed by the Defendant based on the same reasoning that in divorce cases, attorneys are reimbursed for expenses in obtaining support payments for necessities for children * * * (inaudible) * * * in paternity cases Court should be required to pay that. That comes to Eighty Three and a half hours, up to this point of Seventy Five Dollars an hour, which is Six Thousand Two Hundred Sixty-Five Dollars. Your Honor that concludes my presentation."

We find that this statement was not sufficient to raise appellee's constitutional objections regarding the failure of the court to award attorney fees in the trial court. Consequently, this argument may not be raised for the first time in this court of appeals. *Clarington* v. *Althar* (1930), 122 Ohio St. 608. Litigants have a duty to advise their opponents and the trial court of constitutional grounds in support of their arguments; where such grounds are not raised, they are considered to be waived.

---

[7] Appellee's second assignment of error provides:

"The court committed prejudicial error in its failure to award legal expenses incurred in protecting a child's interest in a paternity suit, violating the doctrine of equal protection."

178

Although counsel for appellee stated facts which arguably form the basis for an equal protection claim, counsel did not expressly refer to any provision of the Constitution. Therefore, it is our considered opinion that counsel's argument to the trial court was not sufficient to apprise the court or opposing counsel that appellee was relying on the Fourteenth Amendment to the United States Constitution, or Section 2, Article I of the Ohio Constitution. The question of attorney fees is one of importance; it could significantly affect how paternity suits are initiated, conducted, and resolved. This court of appeals should not attempt to resolve this issue on constitutional grounds until it has been presented to and passed upon by the juvenile court.

The rule announced in *Clarington* v. *Althar, supra,* has been followed in a plethora of cases, and has been referred to as "rudimentary" (*In re Adoption of*

*McDermitt* [1980], 63 Ohio St. 2d 301, 307 [17 O.O.3d 195] ); "well founded" (*State, ex rel. Specht,* v. *Bd. of Edn.* [1981], 66 Ohio St. 2d 178, 182 [20 O.O.3d 191] ); "well settled" (*Lakis* v. *Dept. of Liquor Control* [1964], 1 Ohio Misc. 109, 111 [30 O.O.2d 547] ); and "an established rule of long standing in this state" (*State, ex rel. King,* v. *Shannon* [1960], 170 Ohio St. 393, 394 [11 O.O.2d 121] ).

Accordingly, the decision of the trial court is affirmed.

*Judgment affirmed.*

PRYATEL, C.J., and ANN McMANAMON, J., concur.

ANN McMANAMON, J., of the Court of Common Pleas of Cuyahoga County, sitting by assignment in the Eighth Appellate District.