MANLEY ET AL., APPELLEES AND CROSS-APPELLANTS, *v.* HOWARD, APPELLANT AND CROSS-APPELLEE, ET AL.

(No. 9-84-5 — Decided April 3, 1985.)

APPEAL: Court of Appeals for Marion County.

*Lawrence Babich,* for appellees and cross-appellants.

*Dean R. Washburn,* for appellant and cross-appellee.

COLE, J. This is an appeal from a judgment of the Juvenile Division of the Common Pleas Court of Marion County in an action to determine paternity and support of Crystal Lee Daly, a minor child about nine years of age when the action was commenced. The action has an unusual procedural history and midway in the course of the proceedings, the legislature adopted the so-called Uniform Parentage Act, effective June 29, 1982. Most of the problems involved in this appeal concern this procedural ambiguity.

The action was first commenced on February 18, 1982, by a complaint in the common pleas court entitled "action for necessaries," wherein the mother of the minor child, Charlene Manley, brought action against defendant Gordon Howard, alleging he was the father of Crystal and praying for a support award. Service was had and the defendant filed an answer essentially denying all the

allegations and asserting the complaint failed to state a claim.

We would note at this point that this was not a complaint under former R.C. 3111.01 *et seq.* which provided for a quasi-criminal action in the juvenile or county court. This was, rather, an action for necessaries which was initially sanctioned by the Supreme Court in *Franklin* v. *Julian* (1972), 30 Ohio St. 2d 228 [59 O.O.2d 264], the second paragraph of the syllabus of which reads as follows:

"Proceedings upon a complaint filed by a married woman alleging that she has delivered a bastard child by a man other than her present husband will be arrested from the operation of R.C. 3111.01 *et seq.* (bastardy proceedings), but may be maintained in the Court of Common Pleas as an action for necessaries furnished the child or for future support or both. (*Baston* v. *Sears,* 15 Ohio St. 2d 166 [44 O.O.2d 144], overruled.)"

In *Forester* v. *Scott* (1973), 38 Ohio App. 2d 15, 20 [67 O.O.2d 158], that court stated:

"* * * for until recently the laws of this state did not allow a married woman who had delivered a bastard child to bring a paternity action against the putative father. However, in 1972, after this action was filed, the Supreme Court in *Franklin* v. *Julian* removed this obstacle by fashioning a new legal remedy: where the mother of a bastard child is married, she may file a civil action in Common Pleas Court for necessaries furnished in the past and for future support. Like statutory proceedings under R.C. [Chapter] 3111, she would, of course, have the burden of proving that the defendant was the putative father. * * *"

The child also had a remedy existing at this time in common pleas court of a similar nature. In *Johnson* v. *Norman* (1981), 66 Ohio St. 2d 186 [20 O.O.3d 196], paragraphs one and two of the syllabus provide:

"1. The purpose of a paternity proceeding under R.C. Chapter 3111 is to provide a remedy for the unmarried mother of a minor child born out of wedlock, and the action may be commenced only by the unmarried mother or her legal representative. The child born out of wedlock is not a party to such action. (R.C. Chapter 3111 interpreted; *Franklin* v. *Julian,* 30 Ohio St. 2d 228 [59 O.O.2d 264], followed.)

"2. A minor child born out of wedlock has the same common law right to bring a civil action against his father for support and maintenance as does a legitimate child. Incident to the suit for maintenance and supprt [*sic*], the court shall make a determination on the issue of paternity."

These two remedies then existed by which paternity could be established and support obtained in addition to the proceedings established by former R.C. 3111.01. Here the first of the remedies was sought by the mother in her action filed in the common pleas court. No action was initiated for, or in, the name of the minor child.

We emphasize the character of this action because of the appellant's assertion that the action by the mother was barred by the four-year statute of limitations citing the previous decision by this court of *Finch* v. *Woodson* (1949), Marion App. No. 9-81-49, unreported, wherein we held that in an action brought under then R.C. 3111.01 *et seq.* the four-year limitation of action provided by R.C. 2305.09 was applicable. This case is of no significance as at no time was the present cause initiated under the provisions of former R.C. 3111.01, but rather was commenced as a common-law action under the procedure developed in *Franklin* v. *Julian, supra.*

While the action was pending in the

common pleas court the legislature repealed the former provisions of R.C. 3111.01 *et seq.* and adopted with essentially the same code numbering what is referred to as the Uniform Parentage Act. This eliminated the old quasi-criminal action and provided a single civil procedure for both mother and child to effect a determination of paternity and to provide for custody and support. The Act is essentially remedial and procedural in nature, as these rights had previously existed, but, by the Act a single civil action in the juvenile court is made available to determine these questions.

In *Wilfong* v. *Batdorf* (1983), 6 Ohio St. 3d 100, the court states:

"'* * * A procedural or remedial statute should be applied to all actions which come to trial after the effective date of such statute where the cause of action arose before such effective date. * * *'" *Id.* at 104.

The legislature, moreover, made this Uniform Parentage Act specifically applicable to cases arising prior to the effective date of the Act. The provisions of Section 3 of Am. Sub. H. B. No. 245 (139 Ohio Laws, Part I, 2192) read as follows:

"An action may be commenced pursuant to sections 3111.01 to 3111.19 of the Revised Code, as enacted by Section 1 of this act, to establish the father and child relationship, or the mother and child relationship, irrespective of whether a child is born prior to, or on or after, the effective date of this act."

On August 11, 1982, the mother moved to transfer the cause to the juvenile court which was given original jurisdiction by the new Act. There was no objection by appellant and the common pleas court so certified the case, by virtue of R.C. 3109.06, to the juvenile court with the consent of that court. Shortly thereafter, on October 8, 1982, with leave of court and without objection, an amended complaint was filed which added Crystal Lee Daly, the minor child, then about eleven years of age, as a party-plaintiff and one Charles Daly, the husband of the complainant at the time the child was born, as a party-defendant.

No summons on this amended complaint was served on defendant, but he appeared with counsel and testified without reservation as to any issue of personal jurisdiction. No objection to jurisdiction is now made by Howard and we consider the matter waived.

Thereafter, after certain further procedural steps (and a pretrial at which Howard was present), the case was tried. Certain blood tests were admitted into evidence by stipulation indicating a 99.94 percent plausibility of paternity of the child by Howard, and no chance that Daly was the father.

The trial court dismissed the mother's action stating: "The Court specifically finds the plaintiff, Charlene Manley, would not have standing to bring this action since a period of more than four years has elapsed since the birth of the child * * *."

The action, however, proceeded on the claims of the child. Parenthetically, we note that under the now-existing R.C. 3111.04, a child is a proper party-plaintiff:

"(A) An action to determine the existence or nonexistence of the father and child relationship may be brought by the child or child's personal representative, the child's mother or personal representative, a man alleged or alleging himself to be the child's father, or the alleged father's personal representative."

The trial court further found Howard to be the father and ordered support commencing on December 9, 1983, the trial having occurred on

December 7, 1983. Custody was vested in the mother.

It is from this order that the defendant Howard now appeals asserting two assignments of error.

I. It is asserted that the trial court should have dismissed the cause because it was brought beyond the four-year statute of limitations as set forth in R.C. 2305.09.

The sole authority cited for this position is that *Finch* v. *Woodson, supra,* determined R.C. 2305.09 was appropriate in "paternity actions." The reliance upon this case is misplaced. *Finch* v. *Woodson* was based upon and involved *only* the unique provisions of the then-existing R.C. 3111.01 *et seq.* which were quasi-criminal in nature. Appellant contends that because this action was first begun prior to June 29, 1982, the older version of the statute is here involved. In fact, as we have noted, the older version of the statute was never involved. The judgment here was rendered in the action brought by the child. This action by the child began on October 8, 1982, by the filing of the amended complaint. This was after the Uniform Parentage Act had become effective and was initiated in the only court then having original jurisdiction of such actions. No objection as to jurisdiction over the person of the defendant was ever asserted and service was waived by entry of general appearance at trial.

Under these circumstances, we conclude that the action was one properly tried under the provisions of the Uniform Parentage Act. That Act contains its own special statute of limitations in R.C. 3111.05 as follows:

"An action to determine the existence or non-existence of the father and child relationship may not be brought later than five years after the child reaches the age of eighteen. Neither section 3111.04 of the Revised Code nor this section extends the time within which a right of inheritance or a right to a succession may be asserted beyond the time provided by Chapter 2105., 2107., 2113., 2117., or 2123., of the Revised Code."

This period had not elapsed. Moreover, since this is an action by one under disability, no other general statute of limitations would be currently applicable (R.C. 2305.16).

We conclude that the assignment of error is not well-taken.

II. It is asserted the trial court should have applied the doctrine of laches.

Because of the extended periods provided by the statutes cited in the foregoing discussion of the first assignment of error, and because we are dealing here, not with a mother's claim for expenses, but with a child's claim for support, we conclude the trial court was correct in not invoking laches as here applicable.

We also note, as applicable to both assignments of error, that under Civ. R. 8(C) both laches and the statute of limitations are affirmative defenses. Neither was pleaded by the appellant in his answer. Moreover, the length of time between conception and complaint was only asserted in argument as bearing upon credibility and no specific reference to either laches or limitation of action appears.

We are aware that in the recent case of *Thirty-Four Corp.* v. *Sixty-Seven Corp.* (1984), 15 Ohio St. 3d 350, the first paragraph of the syllabus reads:

"Upon a clear showing of special circumstances, the defense of laches may be asserted prior to the expiration of the statute of limitations."

Here, in the present case, the minority of the child during the period involved precludes, as we have noted, any serious contention that the doctrine of laches should here be applied to shorten the period permitted by the

statute of limitations. In addition, its application is precluded by the pleading restrictions heretofore noted.

For these reasons, we conclude neither assignment of error is well-taken.

The mother and daughter have also filed a notice of appeal and filed their assignments of error. However, the second assignment of error is concerned with the preceding arguments.

I. It is first asserted that the dismissal of Charlene Manley as a party was contrary to R.C. 3111.05.

There is no doubt that under the current statute of limitations the action here commenced by the minor child was timely. However, other factors exist as to the mother. Prior to the adoption of the Uniform Parentage Act she had no action possible under the then-existing R.C. 3111.01 *et seq.* because she was married at the time of birth (*Johnson* v. *Norman, supra,* first paragraph of the syllabus). Her available recourse was the common-law action created by *Franklin* v. *Julian.* This she had not utilized prior to 1982. If this remedy had been barred by a statute of limitations, it is doubtful if the new Uniform Parentage Act which, as we have noted is essentially procedural, would revive that right.

In *Cox* v. *Dept. of Transportation* (1981), 67 Ohio St. 2d 501 [21 O.O.3d 313], the court held:

" 'Where the time for commencing an action has expired due to the running of the statute of limitations, an amendment lengthening the statute of limitations, which is effective after the period of limitations has run, does not revive the cause of action * * *.'

"See *Peters* v. *McWilliams* (1880), 36 Ohio St. 155; *Baker* v. *Farish* (1964), 1 Ohio Misc. 1 [30 O.O.2d 606]; see, also, 34 Ohio Jurisprudence 2d 491, Section B." *Id.* at 505.

It thus becomes pertinent to inquire what statute of limitations previously applied to the common-law action first enunciated in *Franklin* v. *Julian, supra.*

R.C. 2305.09 reads in part:

"An action for any of the following causes shall be brought within four years after the cause thereof accrued:

"* * *

"(D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 2305.10 to 2305.12, inclusive 2305.14 and 1304.29 of the Revised Code. * * *"

As we stated in *Finch* v. *Woodson* as applied to former R.C. 3111.01 *et seq.,* this is a common-law right; it does not arise on contract, and it is not covered by any of the specified sections. Therefore, the action accrued at the birth of the child in 1971; four years have passed since that date.

We conclude that the trial court was correct in so holding.

II. It is asserted that the court's dismissal of the mother's complaint was erroneous because the defendant did not raise the issue of the statute of limitations as an affirmative defense.

We have heretofore noted this point.

The issue was not raised by either party but interjected into the case by the trial court *sua sponte* after the close of the evidence. Under these circumstances we must conclude the trial court did commit error. However, in the peculiar procedural framework here involved, we fail to find prejudice to the mother in all particulars. The issue of paternity is fully resolved in the child's case. Moreover, the court has awarded custody of the child to the mother. The sole remaining issue concerns the amount of the support. Only as to this specific issue could prejudice conceivably exist.

Therefore, the trial court committed error in dismissing the complaint of the mother on the ground her action was not timely filed, that issue having not been properly placed before it. There being,

however, possible prejudice under the peculiar situation here presented, only as to the issue of support of the minor child and, as to that issue *alone,* the judgment of the trial court is reversed and remanded for further proceedings.

*Judgment affirmed in part and reversed in part.*

GUERNSEY, P.J., and MILLER, J., concur.