GARRISON, APPELLANT, v.
SMITH, APPELLEE.

(No. L-88-006—Decided November 4, 1988.)

*Thomas Papps,* for appellant.
*James Adray,* for appellee.

*Per Curiam.* Dorothy Richardson, f.k.a. Dorothy Smith, was married to William Black in 1946. While Black was incarcerated, Richardson became pregnant and gave birth to a daughter, appellant Sandra Douise Garrison, f.k.a. Sandra Douise Black, in 1948. Sandra was born approximately thirty days after Richardson's divorce from Black was finalized; however, Black was named as the baby's father on the child's birth certificate. Richardson later married Dee Smith, the decedent and alleged natural father of Sandra. The couple had one son prior to their divorce in the 1950s. That son is the only child listed in the divorce decree as a product of that union; decedent was never ordered to pay child support for Sandra nor is there any evidence that he ever did contribute to her support during her minority.

Dee Smith died intestate on October 14, 1986. His daughter, appellee Karen Smith, was appointed administrator of his estate on October 21, 1986. Appellant, Sandra, filed an "application to determine heirship" on February 12, 1987. The probate court dismissed this application on December 7, 1987. From this judgment appellant brings this timely appeal and assigns as her sole error:

"The trial court was in error in determining that Ohio Revised [Code] 3111.05 creates a Statute of Limitations under Ohio Revised [Code Chapter] 2123."

Appellant contends that the trial court committed constitutional error by applying the statute of limitations found in R.C. 3111.05 to R.C. Chapter 2123. Specifically, appellant argues that she established a right to be named an heir and that the trial court deprived her of that property right by employing the statute of limitations as found in an inapplicable chapter of the Ohio Revised Code.

Appellee points out that appellant seeks to raise error not argued below for the first time on appeal. An appellate court may disregard any error which could have been brought to the trial court's attention and avoided or corrected. *Schade* v. *Carnegie Body Co.* (1982), 70 Ohio St. 2d 207, 210, 24 O.O. 3d 316, 317, 436 N.E. 2d 1001, 1003. Such waiver is also applicable to alleged constitutional error that is not

specifically raised at trial. *Jelen* v. *Price* (1983), 9 Ohio App. 3d 174, 9 OBR 284, 458 N.E. 2d 1267. Thus, this court may disregard appellant's constitutional argument. Nonetheless, it is this court's opinion that the instant case may be determined without reaching the constitutional issue. Accordingly, we will dispose of this case on the merits. *Greenhills Home Owners Corp.* v. *Greenhills* (1966), 5 Ohio St. 2d 207, 212, 34 O.O. 2d 420, 422-423, 215 N.E. 2d 403, 407.

Appellant asserts that she established herself as an heir of Dee Smith under Ohio's statute of descent and distribution. Appellant relies solely on R.C. Chapter 2123, the statute governing the procedure to be utilized by the probate court in deciding heirship. However, the controlling statutes in the case *sub judice* are in R.C. Chapter 2105.

A child born out of wedlock can inherit from his or her natural father only under certain circumstances. *White* v. *Randolph* (1979), 59 Ohio St. 2d 6, 8, 13 O.O. 3d 3, 4-5, 391 N.E. 2d 333, 334. The right of inheritance can be conferred by several methods: (1) the father later marries the mother and acknowledges the child as his, (2) by will, (3) by formal acknowledgement in the probate court (R.C. 2105.18), (4) by adopting the child, or (5) by designating the child as an heir-at-law (R.C. 2105.15). *Id.* Appellant cannot meet any of these listed criteria. First, Sandra Garrison was not illegitimate. She was conceived while Dorothy Richardson was married to William Black. Black was named as the father of the child on Sandra's birth certificate; the certificate was never changed to reflect any relationship to Smith. Second, no evidence exists that Smith ever acknowledged Sandra, formally or otherwise, as his child. Sandra Black is never mentioned in the divorce decree dissolving the Smith marriage. School records indicate that at some point Sandra used the surname of "Smith" while living in California with her mother. Nevertheless, high school records reveal that she used the name of "Black" during this latter period. However, no evidence was ever offered to show that Sandra ever legally changed her name from Black to Smith. In addition, Garrison never visited her putative father nor was she ever supported by him. Third, decedent never adopted Sandra; she was not named his heir-at-law. Thus, no evidence exists in the record to support a claim of heirship under the relevant portions of R.C. Title 21. Therefore, we find that appellant is, in essence, asking the probate court to determine the parentage of Sandra Garrison. In so finding, we conclude that the trial court properly applied R.C. 3111.05 to bar any claim made by appellant under the statute of descent and distribution.

R.C. 2105.06 provides, in relevant part, that:

"When a person dies intestate having title or right to any personal property, or to any real estate or inheritance, in this state, the personal property shall be distributed, and the real estate or inheritance shall descend and pass in parcenary, except as otherwise provided by law, in the following course:

"(A) If there is no surviving spouse, to the children of the intestate or their lineal descendants, per stirpes [.]"

The terms "child" and "children" as used in R.C. 2105.06 include children born out of wedlock. *Beck* v. *Jolliff* (1984), 22 Ohio App. 3d 84, 22 OBR 237, 489 N.E. 2d 825, syllabus. However, prior to 1982 the illegitimate child could inherit from his or her natural father only through the means previously discussed. *White, supra.* Currently, a child born out of wedlock can inherit from her natural father by

means of R.C. Chapter 3111, *i.e.,* by the establishment of a parent-child relationship under the provisions of the Ohio parentage statute. *Beck, supra,* at 87-88, 22 OBR at 241, 489 N.E. 2d at 829.

R.C. 3111.03 *et seq.* provides that a legal relationship between a natural father and his child may be judicially established. A man can be presumed to be a child's natural father under the following circumstances:

"(3) The man and the child's mother, after the child's birth, married or attempted to marry each other by a marriage solemnized in apparent compliance with the law of the state in which the marriage took place, *and any of the following occur:*

"(a) The man has acknowledged his paternity of the child in a writing sworn to before a notary public;

"(b) The man, with his consent, is named as the child's father on the child's birth certificate;

"(c) The man is required to support the child by a written voluntary promise or by a court order." (Emphasis added.) R.C. 3111.03(A)(3).

Appellant Garrison does not fulfill the standards set forth in the statute. Her father married her mother but never performed any one of the alternatives required to satisfy the test. Moreover, neither appellant nor her mother ever filed a parentage action within the time limits set in R.C. 3111.05, which states that an action *must* be brought within five years after the child reaches his or her majority. See, also, *Manley* v. *Howard* (1985), 25 Ohio App. 3d 1, 25 OBR 30, 495 N.E. 2d 436. In the present case, the rebuttable presumption that William Black was Sandra's father was never challenged or shown to be invalid by clear and convincing evidence. R.C. 3111.03(B); *Nelson* v. *Nelson* (1983), 10 Ohio App. 3d 36, 10 OBR 44, 460 N.E. 2d 653. In addition, *Beck, supra,*

specifically holds that the parent-child relationship must be established prior to the reputed natural father's death. We find this ruling persuasive in that it promotes an orderly disposition of the property of an intestate and prevents fraudulent assertions of paternity against one who can no longer defend himself. *White, supra,* at 10-11, 13 O.O. 3d at 6, 391 N.E. 2d at 335. We therefore find that the trial court properly applied the statute of limitations found in R.C. Chapter 3111 to preclude appellant's application for determination of heirship. Accordingly, appellant's sole assignment of error is found not well-taken.

Upon consideration whereof, we find that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas, Probate Division, is affirmed. Costs of this appeal assessed to appellant.

*Judgment affirmed.*

RESNICK, P.J., CONNORS and HANDWORK, JJ., concur.