[Cite as *In re Herrin*, 2015-Ohio-5374.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

IN RE: HERRIN

C.A. No.    27714

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2001 GA 178

DECISION AND JOURNAL ENTRY

Dated: December 23, 2015

HENSAL, Presiding Judge.

{¶1} Rebecca Shepard appeals a judgment of the Summit County Probate Court, finding that she is not the child or next of kin of James Herrin and, therefore, has no further standing in Mr. Herrin's guardianship proceedings. For the following reasons, this Court reverses.

I.

{¶2} In 2001, the probate court appointed a guardian for Mr. Herrin. Ms. Shepard grew up believing that she is Mr. Herrin's daughter. She, therefore, kept apprised of his care, and, over the years, had a number of disputes with his guardians. In September 2014, Mr. Herrin's guardian moved for an order for genetic testing, noting that a genetic test is required for an adult child and father to seek a declaration of parenthood under Revised Code Sections 2105.25 and 2105.26. The probate court granted the motion.

{¶3}   Mr. Herrin and Ms. Shepard submitted to genetic testing.  The results indicated that there is a 0.0% probability that Ms. Shepard is Mr. Herrin's biological child.  A magistrate subsequently found that Mr. Herrin is not Ms. Shepard's father, that she is not his next of kin, and that she had no further standing in the guardianship proceedings.

{¶4}   Ms. Shepard objected to the magistrate's decision, arguing that there were irregularities in how Mr. Herrin's DNA sample was collected.  She later supplemented her objections, arguing that the magistrate did not have authority under Section 2105.25 to declare that she is not Mr. Herrin's child and that it is not in her best interest for the court to admit the genetic test results.  The probate court, however, overruled her objections.  It found that the test results were valid and concluded that, under Chapter 3111, it was "statutorily required to enter judgment that [Mr.] Herrin is not the biological father of [Ms.] Shepard."  Ms. Shepard has appealed, assigning two errors.[1]

ASSIGNMENT OF ERROR I

THE PROBATE COURT ERRED BY WRONGFULLY ACCEPTING R.C. 2105.25 FROM APPELLEE'S MOTION TO MAKE ITS DECISION.  R.C. 2105.25 HAS NO APPLICATION TO THE MATTER AT HAND.

{¶5}   Ms. Shepard argues that the probate court improperly used Section 2105.25 to determine a parentage issue.  She contends that the section allows a father and child who have a genetic test demonstrating their relationship to seek an order "declaring the man to be the adult child's father."  R.C. 2105.25(B).  It does not provide a mechanism under which a father can disprove his paternity.  The probate court, however, did not cite Section 2105.25 as the basis for its decision.  Instead, it concluded that it was required to issue its parentage decision under

[1] Mr. Herrin passed away on May 7, 2015.  Although the guardianship has ended, we conclude that this appeal is not moot because of the preclusive effect the probate court's decision may have with respect to Mr. Herrin's estate.

Section "3111.0[9](D)."  We, therefore, conclude that the probate court did not improperly use Section 2105.25 to determine a parentage question.  Ms. Shepard's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE PROBATE COURT ERRED BY WRONGFULLY USING SECTION R.C. 3111 TO REACH A DECISION IN THIS CASE AND APPELLANT HAD NO NOTICE THAT SAID STATUTE WOULD BE USED.

{¶6}  Ms. Shepard also argues that the probate court incorrectly relied on several statutes in Chapter 3111 when it determined that Mr. Herrin is not her biological father and that she had no further standing in the guardianship proceedings.  She argues that she had no notice that Chapter 3111 was at issue.  She also notes that, to the extent that the court relied on Section 3111.04, Section 3111.05 provides that "[a]n action to determine the existence or nonexistence of the father and child relationship may not be brought later than five years after the child reaches the age of eighteen."

{¶7}  We agree with Ms. Shepard.  Section 3111.04(A)(1) provides that "an action to determine the * * * nonexistence of [a] father and child relationship may be brought by the child or * * * the alleged father's personal representative."  Accordingly, either Ms. Shepard or Mr. Herrin's guardian had standing to file an action under the section.  Section 3111.05, however, provides that such actions cannot be "brought later than five years after the child reaches the age of eighteen."  Although the record does not contain Ms. Shepard's birthdate, the original application for appointment of guardian, which was filed in 2001, indicated that she was not a minor at that time.  Consequently, an action filed pursuant to Section 3111.04 in 2014 would, necessarily, have been time barred.

{¶8}    The probate court noted that Section 3111.03(B) provides that a presumption of paternity can be rebutted by the results of genetic testing.  Such evidence, however, must be presented in a proper action under Section 3111.04.  *See In re Gilbraith*, 32 Ohio St.3d 127, 130 (1987) (explaining that Section 3111.03 "catalogues a series of presumptions that apply to the existence of the relationship drawn into question" by an action under Section 3111.04.); *Hulett v. Hulett*, 45 Ohio St.3d 288 (1989), paragraph two of the syllabus (holding that Sections 3111.03 and 3111.04 "are *in pari materia* and must be construed together."); *Garrison v. Smith*, 55 Ohio App.3d 14, 15-16 (6th Dist.1988) (concluding that woman could not establish herself as an heir under presumptions in Section 3111.03 because she did not bring a parentage action in the time allowed under Section 3111.05).  In this case, because any action under Section 3111.04 was time-barred, we conclude that the probate court incorrectly held that Ms. Shepard is not Mr. Herrin's daughter under Chapter 3111.

{¶9}    Mr. Herrin's guardian argues that Ms. Shepard waived her argument regarding Chapter 3111 because she did not raise the issue in her objections to the magistrate's decision.  Civil Rule 53(D)(3)(b)(iv) provides that "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion [of the magistrate], * * * unless the party has objected to that finding or conclusion * * *."  In this case, the magistrate made its decision under Section 2105.25.  Because the probate court rendered its decision under a different statute, which was not addressed by the parties or referenced by the magistrate, Rule 53(D)(3)(b)(iv) is inapplicable.  Ms. Shepard's assignment of error is sustained.

III.

{¶10} The probate court incorrectly declared that Ms. Shepard is not Mr. Herrin's biological daughter under Chapter 3111. The judgment of the Summit County Probate Court is reversed.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
WHITMORE, J.
CONCUR.

APPEARANCES:

ROBERT W. HIGHAM, Attorney at Law, for Appellant.

JAMES L. WAGNER, Attorney at Law, for Appellee.

E. LARRY DAVISON, Attorney at Law, for Appellee.