**Dorothy Baron KOHUT, on behalf of Michael A. Sabo, Plaintiff-Appellant,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant-Appellee.**

**No. 80–3090.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 15, 1981.

Decided Nov. 18, 1981.

Frank Murtaugh, Davlin & Murtaugh, Cleveland, Ohio, for plaintiff-appellant.

John J. Horrigan, Asst. U. S. Atty., James J. Komorowski, Cleveland, Ohio, Gabriel L. Imperato, Office of Gen. Counsel, HEW, Region V, Steven J. Plotkin, Mike Zarski, Chicago, Ill., for defendant-appellee.

Before MERRITT and MARTIN, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

Appellant seeks review of a final decision of the Secretary denying her application on behalf of her son, Michael Sabo, for Surviving Child Insurance benefits. The child is the illegitimate son of the insured wage-earner, Anthony Sabo. Appellant contends that the Secretary incorrectly determined that the child was not dependent, because the child's father did not make regular contributions to his support. The District Court granted the Secretary's motion for summary judgment, based on a magistrate's recommendation that substantial evidence supported the Secretary's finding that Anthony Sabo did not contribute to the child's support.

Appellant first applied for benefits in 1972, shortly after Sabo's death. In the interim, she changed Michael's last name from "Baron" to "Sabo." Benefits were denied initially and upon reconsideration, because appellant failed to demonstrate that Michael was Sabo's child, and that he was dependent on Sabo at the time of Sabo's death.

In 1976, Kohut reapplied for benefits, presenting additional evidence to support her original allegations. After a hearing, an administrative law judge granted benefits, finding that Michael Sabo was Anthony Sabo's "child," and was therefore entitled to benefits under section 202(d) of the Social Security Act, 42 U.S.C. § 402(d), without proof of actual dependency. The administrative law judge based its paternity finding on oral testimony. At the time of his death, Sabo had never acknowledged paternity in writing, and no judicial proceeding had ever established paternity. The administrative law judge concluded that under *Trimble v. Gordon*, 430 U.S. 762,

97 S.Ct. 1459, 52 L.Ed.2d 31 (1977), Michael Sabo must be entitled under Ohio law to share in his father's estate as would a legitimate child. Therefore, Michael was entitled to a presumption of dependency under section 216(h)(2)(A) of the Act, 42 U.S.C. § 416(h)(2)(A).

On its own motion and that of Sabo's wife, the Appeals Council reviewed and reversed the administrative law judge's decision, because appellant had failed to prove that Michael was dependent on Anthony Sabo for support at the time of the wage-earner's death. According to the Appeals Council, Michael Sabo must establish eligibility under 42 U.S.C. § 416(h)(3)(C)(ii), which provides that:

An applicant who is the son or daughter of a fully or currently insured individual, but who is not (and is not deemed to be) the child of such insured individual under paragraph (2) of this subsection, [42 U.S.C. § 416(h)(2)(A)] shall nevertheless be deemed to be the child of such insured individual if: ...

(C)(ii) such ... individual is shown by evidence satisfactory to the Secretary to have been the father of the applicant, and such insured individual was living with or *contributing to the support of the applicant at the time such insured ... died.* (emphasis added).

The Appeals Council concluded that Michael was not Sabo's "child" under the Act, because he was ineligible to inherit from Sabo's estate under the Ohio intestacy statute, O.R.C. ch. 2105.18. In Ohio, an illegitimate child may inherit from its father only if the father took certain specified steps to acknowledge paternity during his lifetime. At the time of the Appeals Council's review, the Franklin County Court of Appeals had declared chapter 2105 unconstitutional, in *Moore v. Dague*, 46 Ohio App.2d 75, 345 N.E.2d 449 (1975). However, the Cuyahoga County Court of Appeals upheld the statute against constitutional challenge in *Green v. Woodard*, 40 Ohio App.2d 101, 318 N.E.2d 397 (1974). The Appeals Council followed *Green*, and concluded that, because Michael

was not Sabo's heir under Ohio law, he was required to prove dependency under the Social Security Act. We note that the Ohio Supreme Court has since resolved this conflict in the Ohio Court of Appeals, expressly affirming the *Green* result in *White v. Randolph*, 59 Ohio St.2d 6, 391 N.E.2d 333 (1979).

The Appeals Council concluded that appellant failed to prove dependency. The record shows that Sabo earned very little money throughout his life. He earned virtually no income in 1970 and 1971, the two years before he died. He was a longshoreman and suffered from alcoholism. Sabo never lived with appellant and her child. Rather, he lived with his wife and three legitimate children, who were supported by welfare. Sabo's wife testified that she gave Sabo twenty dollars a month, which he apparently spent in bars.

Appellant testified at the hearing that Sabo contributed seven dollars weekly to Michael's support in 1967, although she also testified that in 1968 and 1969 Sabo gave her between two dollars and three dollars weekly, and in 1970 "some money." Her testimony was not corroborated by her own witnesses, and thus failed to persuade the Council that Sabo contributed to Michael's support. Appellant stated that she often gave Sabo money for drinks and cigarettes and that she paid their motel bills whenever they met. The Appeals Council concluded that, in all likelihood, she had more money than Sabo did.

The sole issue on appeal is whether substantial evidence supports the Secretary's conclusion that Sabo did not contribute to Michael's support. After reviewing the record, we are convinced that Sabo did not make regular substantial contributions to Michael's support. Appellant contends that she in fact proved through her own testimony that Sabo contributed and that he often gave her money. Appellant's evidence of Sabo's support was inconsistent and uncorroborated. She could not state with specificity how much money Sabo gave her in 1970, the year of his death, or how often during that year he made contributions. It

appears to us that the child was supported chiefly through welfare and his grandparents' contributions. The appellant's witnesses indicated that Sabo never gave money to appellant, but that appellant often gave money to Sabo. Appellant herself testified that she gave Sabo money when he needed it. In our view, the record amply supports the Secretary's finding that Sabo did not contribute to Michael's support.

Accordingly, we affirm.