ALEXANDER, ADMR., APPELLEE, *v.* ALEXANDER ET AL.; KENNEY ET AL., APPELLANTS.

(Nos. 88AP-1073 and 88AP-1092—Decided August 29, 1989.)

*Robert A. Pope,* for appellee.

*H. Lee Thompson,* for appellant Eleanor S. Kenney et al.

*Schneider, Prohaska & Sams* and *Fred E. Sams,* for appellant Union Cemetery Association.

BRYANT, J. Defendants-appellants, Eleanor S. Kenney, Arthur J. Summers, Ruth A. Norah and Lee Roy Summers, as well as defendant-appellant Union Cemetery Association, appeal from a judgment of the Franklin County Court of Common Pleas, Probate Division, granting the motion of plaintiff-appellee, David Alexander, Administrator of the Estate of David Summers, deceased, to exhume the body of David Summers in order to conduct multi-probe DNA testing to establish the decedent's paternity relative to plaintiff. Defendant Union Cemetery Association sets forth a single assignment of error as follows:

"The Probate Court of Franklin

County, Ohio erred in ordering Union Cemetery Association to disinter the remains of David Summers, deceased, for purposes of civil discovery for the reason that David Alexander, Administrator of the Estate of David Summers, is not entitled under Ohio law to such disinterment."

The remaining defendants set forth the following assignment of error:

"The Franklin County, Ohio Common Pleas Probate Court erred in ordering the Union Cemetery Association to disinter the remains of David Summers, deceased, for the purpose of civil discovery at the request of David Alexander, Administrator of the Estate of David Summers, in contravention to the family members and Ohio law."

On July 13, 1988, plaintiff filed a petition to determine heirship relative to David Summers, the alleged father of plaintiff. Ultimately, plaintiff filed a motion to compel discovery, requesting that the court exhume the body of David Summers so as to allow plaintiff to conduct multi-probe DNA testing in an effort to establish David Summers as plaintiff's father. Plaintiff's petition, as well as his motion, appears to have been prompted by his interest in inheriting not from his purported father, but through him from the estate of a deceased uncle of David Summers, Alfred A. Adams.

Following a hearing, the court on November 14, 1988, ordered the body of David Summers to be exhumed for purposes of plaintiff's testing. On November 23, 1988, all defendants, except Union Cemetery Association, filed a notice of appeal; and on November 28, 1988, Union Cemetery Association similarly appealed.

On January 9, 1989, plaintiff filed a stipulation dismissing the entire action, apparently due to a settlement reached relative to the estate of Alfred A. Adams. Given the stipulation of dismissal filed in the trial court, on May 10, 1989, plaintiff filed a motion to dismiss this appeal as moot.

In addressing plaintiff's motion to dismiss, we initially note that the fact that defendants appealed the order of the probate court does not deprive the probate court of jurisdiction to dismiss the action pursuant to plaintiff's Civ. R. 41(A)(1) stipulation of dismissal. Indeed, the Supreme Court's opinion of *In re Kurtzhalz* (1943), 141 Ohio St. 432, 25 O.O. 574, 48 N.E. 2d 657, states as follows in the syllabus:

"1. An appeal on questions of law brings before the appellate court only the final order, judgment or decree sought to be reviewed.

"2. As to the remainder of the cause, the lower court retains all jurisdiction not inconsistent with that of the appellate court to review, affirm, modify or reverse the final order, judgment or decree from which the appeal has been perfected. (Citation omitted.]"

While this court had appellate jurisdiction to consider the propriety of the trial court's order, the trial court's action pursuant to Civ. R. 41(A)(1) was not inconsistent with our appellate jurisdiction; and thus, the trial court retained jurisdiction to properly dismiss the case pursuant to Civ. R. 41(A)(1). See, *e.g., In re Appeal of Neff* (Mar. 4, 1986), Franklin App. Nos. 85AP-289, 85AP-512 and 85AP-605, unreported, at 19-20.

The trial court having so dismissed plaintiff's case, the order to exhume the body of David Summers is moot. Cf. *State, ex rel. Celebrezze,* v. *Allen Cty. Bd. of Commrs.* (1987), 32 Ohio St. 3d 24, 28, 512 N.E. 2d 332, 335, at fn. 3. The action is no longer pending, and the order, never having been enforced, is now incapable of being enforced given dismissal of the action on plaintiff's motion. While we understand

defendants' dissatisfaction with the trial court's ruling, defendants no longer stand to suffer at the ruling, as the ruling can no longer be executed. To now determine defendants' assignments of error would be to render an advisory opinion, as no controversy exists between the parties regarding the order which is the subject of defendants' appeal.

Accordingly, for the foregoing reasons, plaintiff's motion to dismiss is sustained.

*Motion sustained.*
*Appeal dismissed.*

REILLY, J., concurs.

GEORGE, J., concurs separately.

GEORGE, J., retired, of the Ninth Appellate District, sitting by assignment.

GEORGE, J., concurring. What is troubling here is that the probate court held that an interred body may be exhumed pursuant to civil discovery provisions. Civ. R. 26 and Civ. R. 34. While the facts presented here concern a claimed illegitimate son who seeks to inherit through a deceased man's estate, the principle laid down is one of first impression. This is made all the more disturbing by the fact that the probate court published its decision while this court was reviewing the matter. *Alexander* v. *Alexander* (1988), 42 Ohio Misc. 2d 30, 537 N.E. 2d 1310.

As the case now stands, I concur that this court is unable to reach the merits because a stipulation of dismissal has been filed, rendering this appeal moot. Civ. R. 41(A)(1). I believe, however, that the issue raised here is one of great public interest. Cf. *Franchise Developers, Inc.* v. *Cincinnati* (1987), 30 Ohio St. 3d 28, 30 OBR 33, 505 N.E. 2d 966, paragraph one of the syllabus.

Finally, I write separately to emphasize that the results reached by the probate court should not be employed without first considering the constraints placed upon disinterment by R.C. 517.23 and 313.18; the limitations placed upon a determination of parentage under R.C. 3111.05 and 3111.06; and the further restriction placed upon an illegitimate child's inheritance by case law, *White* v. *Randolph* (1979), 59 Ohio St. 2d 6, 13 O.O. 3d 3, 391 N.E. 2d 333, appeal dismissed sub nom. *Jackson* v. *White* (1980), 444 U.S. 1061, and *Beck* v. *Jolliff* (1984), 22 Ohio App. 3d 84, 22 OBR 237, 489 N.E. 2d 825.