I concur with the majority's disposition and analysis of Vaughan's second assignment of error. I dissent, however, from the majority's disposition and analysis of Vaughan's first assignment of error. The majority holds that R.C. 2105.18 bars Ms. Vaughan's right to inherit by intestate succession despite the fact that William Vaughan acknowledged his paternity during his lifetime and that two months prior to his death the Cuyahoga County Juvenile Court adjudicated him to be Ms. Vaughan's natural father. In my view, application of R.C. 2105.18 to deny Ms. Vaughan her inheritance violates the Equal Protection Clause of the 14th Amendment.
In Trimble v. Gordon (1977), 430 U.S. 762, the Court held that § 12 of the Illinois Probate Act violated the Equal Protection Clause of the 14th Amendment by statutorily disinheriting illegitimate children whose fathers died intestate even though the father's paternity was adjudicated in a state court proceeding and child support was ordered prior to the father's death. However, the Court held in Lalli v. Lalli (1978),439 U.S. 259, that § 4-12 of New York's Estates, Powers, and Trusts Law did not discriminate against illegitimate children when it required paternity to be established by a court of competent jurisdiction during the father's lifetime. Taken together, these cases stand for the proposition that an illegitimate child cannot be denied an intestate share of the father's estate if the father's paternity is determined during the father's lifetime.
In the case at hand, William Vaughan's paternity was established during his lifetime. On March 24, 1981, Vaughan admitted paternity, and the Juvenile Court adjudicated him to be Angel Vaughan's natural father pursuant to R.C. 3111.17. William Vaughan died intestate on May 24, 1981. Like the Illinois statute in Trimble v. Gordon that unlawfully denied illegitimate children from inheriting by intestate succession under identical circumstances, former R.C. 2105.18 as applied by the majority to statutorily preclude Ms. Vaughan from inheriting by intestate succession violates the Equal Protection Clause of the 14th Amendment.
The cases on which the majority relies are not controlling. InIn re Martin (1977), 51 Ohio App.2d 21, we reviewed a probate court order that denied Martin's application to legitimate her daughter pursuant to R.C. 2105.18, after the, juvenile court determined the child's "reputed father" pursuant to R.C. 3111.17. Our decision, released just over a month before the United States Supreme Court announced its decision in Trimble v. Gordon, said that a juvenile court determination under R.C. 3111.17 did not give the child's mother "authority either as agent for the father or by operation of law to file the application for legitimation under R.C. 2105.18 and acknowledge that the father is the `natural father.'" Id., 51 Ohio App.2d at 27. But we also ruled that legitimization could not be limited to the manner prescribed under R.C. 2105.18 without constituting "invidious discrimination" in violation of the United States and Ohio Constitutions. Id. We held that an illegitimate child could be legitimated under R.C. 2105.18, even without the father's acknowledgment or mother's consent, by establishing the natural father's identity through clear and convincing evidence in probate court. The Martin court reversed the judgment and remanded the matter for further proceedings. Unlike the instant case, the illegitimate child in Martin was not disinherited and in fact was given the opportunity to be legitimized by the probate court under R.C. 2105.18 by showing that paternity was established during the father's lifetime.
White v. Randolph (1979), 59 Ohio St.2d 6, is likewise distinguishable. In that case, decided after the Trimble v.Gordon and Lalli v. Lalli cases, the court held that R.C. 2105.18
did not discriminate against illegitimate children. It does not appear, however, that paternity was established during thefather's lifetime. While it may not be unlawful to deny an intestate inheritance if paternity was not determined during the father's lifetime, Trimble v. Gordon establishes that an inheritance cannot be denied when a court of competent jurisdiction has determined paternity during the father's lifetime.
I believe the majority's application of R.C. 2105.18 to deny Ms. Vaughan the opportunity to claim her intestate share conflicts with Trimble v. Gordon. Ms. Vaughan adequately alleged grounds to re-open Vaughan's estate under R.C. 2109.35 (A), and the probate court's earlier settlement of the Vaughan estate could not have preclusive effect on Ms. Vaughan because she was neither a party nor in privity with a party to those proceedings when heirship was determined. See Banning v. Gotshall (1900),62 Ohio St. 210.
I would therefore sustain both assignments of error and remand the matter for further proceedings.