OPINION
Curtis Fields died testate on December 30, 1999. On March 2, 2000, Fields' last will and testament was admitted to probate. Fields' sister, defendant-appellant Juanita Caines, is a beneficiary of Fields' estate and was appointed executor of his will. Defendant-appellee, Firstar Bank, N.A., is trustee of the trust that is the residual beneficiary of Fields' estate.
Plaintiff-appellant, Connie Rushford, filed a complaint to contest the will and a petition to determine heirship. Rushford, who is currently forty-three years old, alleges that she received an anonymous letter after Fields' death alerting her that she may be Fields' biological daughter. Rushford alleges that her mother confirmed that Fields may be Rushford's natural father. At the time of Rushford's conception and birth, her mother was married to Ray D. Blair. Rushford's birth certificate indicates that Blair is her father and, until she received the anonymous letter, Rushford assumed that Blair was her natural father. In her petition to determine heirship, Rushford sought to utilize blood samples from the decedent in order to establish paternity through DNA evidence. She also sought a determination that she is Fields' biological daughter and a determination that she is entitled to inherit Fields' estate pursuant to the statute of descent and distribution, R.C. 2105.06.
In its judgment, the probate court denied Rushford's request to release the decedent's DNA and granted Caines' motion to dismiss Rushford's complaint. According to the court, Rushford's petition is barred by R.C. 3111.05, which requires that paternity actions be brought within five years after the putative child reaches the age of eighteen. The probate court further concluded that Rushford lacked standing to contest the will.
On appeal, Rushford asserts the following assignments of error:
 FIRST ASSIGNMENT OF ERROR THE PROBATE COURT ERRED IN SUSTAINING THE MOTIONS TO DISMISS WILL CONTEST ACTION AND THE DETERMINATION OF HEIRSHIP ACTION.
 SECOND ASSIGNMENT OF ERROR THE PROBATE COURT ERRED IN FAILING TO APPLY THE DISCOVERY RULE TO THE STATUTE OF LIMITATIONS CONTAINED IN O.R.C. § 3111.05.
 THIRD ASSIGNMENT OF ERROR THE PROBATE COURT ERRED IN PREVENTING PLAINTIFF-APPELLANT FROM ESTABLISHING A FATHER-CHILD RELATIONSHIP BETWEEN DECEASED CURTIS FIELDS AND PLAINTIFF THROUGH THE MEANS OF DNA TESTING.
 FOURTH ASSIGNMENT OF ERROR THE ERROR OF THE PROBATE COURT IN DENYING PLAINTIFF-APPELLANT THE RIGHT TO ESTABLISH A PARENTAGE CONNECTION BETWEEN DECEASED CURTIS FIELDS AND PLAINTIFF WAS COMPOUNDED BY THE PROBATE COURT'S ERROR IN DENYING PLAINTIFF-APPELLANT THE RIGHT TO PROSECUTE A WILL CONTEST ACTION BECAUSE PLAINTIFF HAD NOT ESTABLISHED PARENTAGE.
 FIFTH ASSIGNMENT OF ERROR THE PROBATE COURT ERRED IN HOLDING THAT PLAINTIFF-APPELLANT, AN ILLEGITIMATE (NON-MARITAL) CHILD, HAS NO DIRECT PECUNIARY INTEREST IN HER FATHER'S ESTATE SUCH AS WILL PROVIDE HER STANDING TO PROSECUTE A WILL CONTEST ACTION.
 SIXTH ASSIGNMENT OF ERROR THE HOLDING OF THE PROBATE COURT THAT THE PLAINTIFF, BECAUSE SHE WAS A NON-MARITAL (ILLEGITIMTE) CHILD, DID NOT HAVE STANDING TO CONTEST HER ALLEGED FATHER'S WILL BECAUSE THE DECEASED ALLEGED FATHER HAD NOT TAKEN STEPS TO GRANT PLAINTIFF A RIGHT OF INHERITANCE AS REQUIRED UNDER OHIO CASE LAW WHILE O.R.C. SECTION 2105.17 WOULD GRANT PLANTIFF THE RIGHT OF INHERITANCE FROM AND THROUGH HER MOTHER EVEN THOUGH BORN OUT OF WEDLOCK, OPERATES TO VIOLATE THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 SEVENTH ASSIGNMENT OF ERROR DENIAL TO [AN] ILLEGITIMATE (NON-MARITAL) CHILD OF STANDING TO PROSECUTE A WILL CONTEST ACTION DEPRIVES THAT CHILD OF EQUAL PROTECTION AND DUE PROCESS, IN VIOLATION OF THE UNITED STATES AND OHIO CONSTITUTIONS.
 EIGHTH ASSIGNMENT OF ERROR WHEN O.R.C. § 2105.17 OPERATES TO DEPRIVE AN ILLEGITIMATE (NON-MARITAL) CHILD OF HER STANDING TO PROSECUTE A WILL CONTEST ACTION AS TO HER FATHER'S WILL AND ESTATE, IT DENIES THE ILLEGITIMATE (NON-MARITAL) CHILD OF EQUAL PROTECTION OF LAW AND DUE PROCESS IN VIOLATION OF THE UNITED STATES AND OHIO CONSITUTIONS.
We affirm the judgment of the probate court, although for different reasons than those expressed by the court.
As an initial matter, we note that, although Caines characterized her motion as a motion to dismiss, pursuant to Civ.R. 12(B)(6), and the probate court granted the motion as if it were a motion to dismiss, a Civ.R. 12(B)(6) motion was untimely, as Caines had already filed an answer to Rushford's complaint. A motion to dismiss filed after the pleadings have closed, however, may be evaluated as a Civ.R. 12(C) motion for judgment on the pleadings. State ex rel. Midwest Pride IV, Inc. v. Pontious (1996), 75 Ohio St.3d 565, 569. A Civ.R. 12(C) motion for judgment on the pleadings has been characterized as a belated Civ.R. 12(B)(6) motion to dismiss, and the same standard of review is applied, both at the trial and appellate levels. Gawloski v. Miller Brewing Co. (1994), 96 Ohio App.3d 160, 163. We therefore conclude that the mischaracterization had no prejudicial effect on Rushford, and we proceed as if this case had been decided on a motion for judgment on the pleadings.
A judgment on the pleadings may be granted only if no material factual issues exist and the moving party is entitled to judgment as a matter of law. Burnside v. Leimbach (1991), 71 Ohio App.3d 399, 403. Appellate review is de novo. Rich v. Erie Cty. Dept. of Human Resources (1995),106 Ohio App.3d 88, 91.
We address Rushford's first, second, third, fourth and fifth assignments of error together, as they all relate to Rushford's argument that the probate court erroneously concluded that, as a matter of law, Rushford could not establish paternity or contest Curtis Fields' will.
In Ohio, a child born out of wedlock may only inherit from his natural father under certain circumstances. Prior to 1982, an illegitimate child could only inherit from his natural father if the natural father took one of the following affirmative steps: (1) formally acknowledging paternity in the probate court; (2) designating the illegitimate child as his heir-at-law; (3) adopting the illegitimate child; or (4) making a provision for the child in his will. Moore v. Dague (1975),46 Ohio App.2d 75, 76-77. In the instant action, it is undisputed that the decedent took none of these affirmative measures. Rather, Rushford seeks to establish paternity under R.C. Chapter 3111.
Pursuant to R.C. 3111.05, an action to determine paternity under the Ohio Parentage Act must be brought within five years after the putative child reaches the age of eighteen. Although she admits that she is beyond the age limit imposed by the statute, Rushford argues that the statute of limitations should have been tolled until she discovered that she may be Fields' biological daughter. We need not, however, reach the issue of whether the discovery rule can toll the statute of limitations found in R.C. 3111.05. We conclude that, even if Rushford could establish paternity under R.C. Chapter 3111, she would not be entitled to inherit Fields' estate. Rushford seeks to inherit by way of R.C. 2105.06, Ohio's statute of descent and distribution. R.C. 2105.06, however, applies "[w]hen a person dies intestate." Fields died testate.
There is a split in authority over whether an illegitimate child may utilize R.C. Chapter 3111 to establish paternity post mortem for purposes of inheriting from a putative father who dies intestate. See Beck v. Jolliff (1984), 22 Ohio App.3d 84, at 88 (holding that children born out of wedlock may inherit pursuant to the statute of descent and distribution only "if the parent-child relationship has been established prior to death of the father pursuant to the parameters of R.C. Chapter 3111); In re Estate of Hicks (1993), 90 Ohio App.3d 483, 487 (concluding that "parentage actions under R.C. Chapter 3111 *** may be brought even when `the alleged father is deceased'"). No Ohio court, however, has allowed a child to utilize R.C. Chapter 3111 to establish paternity post mortem in order to permit a child to challenge a will or to inherit from a putative father who, like Fields, died testate. We find that such an approach would be an untoward interference with Fields' rights to plan for and control the disposition of his estate, injecting an element of uncertainty in the proceedings when the decedent is no longer able to participate in the process.
We therefore hold that Rushford may not utilize R.C. Chapter 3111 to establish paternity post mortem in order to inherit from Fields, who died testate without taking any of the affirmative measures at his disposal in order to leave an inheritance to Rushford. Accordingly, we overrule Rushford's first, third, fourth and fifth assignments of error, and we overrule as moot Rushford's second assignment of error.
We next address Rushford's sixth, seventh and eighth assignments of error together, as they all pertain to Rushford's assertion that she was denied equal protection of the law as guaranteed by the United States and Ohio Constitutions. In essence, Rushford challenges the constitutionality of Ohio's statutory scheme, which imposes different inheritance requirements based on the legitimacy of the putative child and based on the gender of the putative parent. Rushford's constitutional argument fails for two reasons.
First, Rushford did not raise the constitutional issues in her complaint or in the probate court. Rushford is therefore barred from raising those issues for the first time in this court. See State v. Sibert (1996), 74 Ohio St.3d 342, 343; Collins v. Emro Marketing Co. (May 11, 1999), Franklin App. No. 98AP-1014, unreported. Second, the Ohio Supreme Court has expressly upheld the statutory differences at issue. In White v. Randolph (1979), 59 Ohio St.2d 6, 11, the Ohio Supreme Court concluded that Ohio's approach, which only allows illegitimate children to inherit from their natural fathers under certain circumstances, does not violate illegitimate children's rights to equal protection of the law as guaranteed by the Fourteenth Amendment to the United States Constitution or Section 2, Article I of the Ohio Constitution. See, also, Brookbank v. Gray (1996), 74 Ohio St.3d 279, at 287 (noting that "[e]ven if the Parentage Act were interpreted to preclude illegitimate children from claiming inheritance rights from and through their natural fathers absent an adjudication of paternity inter vivos, it is clear that the Ohio intestate succession scheme would nevertheless be constitutional). We therefore overrule Rushford's sixth, seventh and eighth assignments of error.
For the foregoing reasons, we overrule Rushford's first, third, fourth, fifth, sixth, seventh and eighth assignments of error, and we overrule as moot Rushford's second assignment of error. The judgment of the Franklin County Court of Common Pleas, Probate Division, is affirmed.
BRYANT, P.J., and BROWN, J., concur.