DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas, Domestic Relations Division, which divided the marital portion of a pension. Because we conclude that the trial court had no jurisdiction to enter the order, we vacate the order and remand
 {¶ 2} Appellant, Timothy K. Scherer, and appellee, Katherine Casey Yarder, were granted a dissolution in 1996. In the decree, Katherine was granted a portion of Timothy's State Teachers Retirement System ("STRS") fund, to be paid when his payments began upon retirement. Problems arose with the payment of Katherine's share when Timothy retired in 2001. Ultimately, the parties appealed the trial court's decision that awarded Katherine a $1,711.16 monthly share of Timothy's retirement payments. We affirmed the trial court's decision and calculation of Katherine's share in December 2003. See Yarder v. Scherer,
6th Dist. No. L-03-1035, 2003-Ohio-6744.
 {¶ 3} Meanwhile, while that appeal was pending, the trial court issued a "Division of Property Order" on September 9, 2003, to establish a QDRO with the STRS for Katherine's monthly amount of $1,711.16. Timothy now appeals from that order, asserting that it "divided appellant's separate pension interest that was created after the divorce." For the reasons discussed infra, we conclude that the order entered by the trial court is void.
 {¶ 4} After an appeal has been filed, a trial court is divested of jurisdiction over the final order, judgment, or decree sought to be reviewed. State ex rel. Special Prosecutorsv. Judges (1978), 55 Ohio St.2d 94, 97; In re Kurtzhalz
(1943), 141 Ohio St. 432, syllabus. The trial court retains only jurisdiction which is "not inconsistent with that of the appellate court to review, affirm, modify, or reverse the final * * * judgment * * * from which the appeal has been perfected." Id. See, also, Alexander v. Alexander (1989), 54 Ohio App.3d 77,78. A judgment rendered by a court that lacks jurisdiction is void ab initio. Patton v. Diemer (1988), 35 Ohio St.3d 68, paragraph three of the syllabus.
 {¶ 5} In this case, the trial court's property division order attempts to activate the previously court ordered amounts from Timothy's pension to Katherine. The trial court's action, however, was taken during a pending appeal and was inconsistent with our jurisdiction to decide the calculation issue. Therefore, the court lacked jurisdiction to enter the September 9, 2003 property order which is, therefore, void.
 {¶ 6} Accordingly, we decline to address appellant's two assignments of error at this time.
 {¶ 7} We further note that, if a new appeal is filed, the parties may not simply point to vague and undefined or unexplained portions of the order and draw conclusions. Issues on appeal must be related to specific reviewable facts and applicable law.
 {¶ 8} The judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is vacated and this case is remanded for proceedings consistent with this decision. Court costs of this appeal are assessed equally between the parties.
Judgment Vacated.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Lanzinger, J., Singer, J., concur.