[Cite as *Chabek v. Gajdos*, 2024-Ohio-254.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF OHIO

| | | |
|---|---|---|
| BRETT A. CHABEK, | : | |
| | : | |
| Plaintiff-Appellant, | : | No. 112996 |
| | : | |
| v. | : | |
| | : | |
| DANIEL E. GAJDOS, ET AL., | : | |
| | : | |
| Defendants-Appellees. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 25, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Probate Division
Case No. 2022ADV273372

---

### *Appearances:*

Carl G. McMahon, *for appellant.*

Michael E. Ernewein, *for appellees.*

SEAN C. GALLAGHER, J.:

{¶ 1} Plaintiff-appellant Brett A. Chabek (also referred to as "Brett" or "the appellant") appeals the judgment of the Cuyahoga County Court of Common Pleas, Probate Division ("probate court") in this action. Upon review, we affirm.

## I.    Background

{¶ 2}    The appellant brought this adversarial action against defendants-appellees Daniel E. Gajdos and Richard A. Gajdos, Jr. ("the appellees"), seeking to be declared a legal son of Richard A. Gajdos, Sr., who is deceased, with a right to inherit from the decedent's estate.[1]  The appellees, who state they are the legitimate children of Richard A. Gajdos, Sr. (also referred to as "Richard Gajdos" or "the decedent"),[2] denied that the appellant is a beneficiary or next of kin of the decedent's estate.

{¶ 3}    In the declaratory-judgment complaint, the appellant Brett A. Chabek asserts that he is a natural-born son of Richard A. Gajdos, Sr., who was never married to his mother, Judith Chabek.  The record reflects that the appellant's original birth certificate did not identify a father and it was later revised to list Robert Charles Chabek ("Robert Chabek") as his father.

{¶ 4}    The appellant attached documents to the complaint, including an affidavit from his mother, Judith Chabek, with supporting exhibits.  His mother averred, among other statements, that Richard Gajdos is the appellant's birth father, but he was not included on the original birth certificate; that after she subsequently met and married Robert Chabek, a second birth certificate was created for Brett listing Robert Chabek as Brett's father for convenience purposes; that Brett was

---

[1] The estate of Richard A. Gajdos, Sr., is pending in probate court.

[2] The appellees attached evidence of this to their brief in opposition to the appellant's motion for summary judgment.

never formally adopted and Richard Gajdos remained his father; and that Richard Gajdos had acknowledged Brett as his son in a Health Care Power of Attorney and in a Last Will and Testament.

{¶ 5} The appellant requested the court to declare that he was not adopted by Robert Chabek, that a birth certificate does not constitute an adoption, that he is the legal son of Richard A. Gajdos, Sr., and that he remains a rightful heir to the decedent's estate. The appellees admitted that the probate court has sole and exclusive jurisdiction over adoptions.

{¶ 6} Thereafter, in November 2022, the appellant filed a motion for summary judgment on the adoption issue. He asserted that he is the natural born son of the decedent, that he was never adopted by Robert Chabek, and that the addition of Robert Chabek's name to his birth certificate did not constitute an adoption. He thereby maintained that he remains an heir of the decedent and that he is entitled to a share of the decedent's estate. In opposing the appellant's motion, the appellees stated the appellant's own birth certificate showed Robert Chabek as his father and the appellant had referred to Robert Chabek as his adopted father.

{¶ 7} After the motion for summary judgment was filed, the parties filed a joint motion to open and unseal adoption records. The parties indicated that once the underlying question of the disputed adoption is determined, the remaining factual and legal issues in the case could more easily be resolved. The probate court declined the request to provide the parties full access to the probate court's adoption records; however, it found from its own search of the probate court's docket that

"there is no record of Brett Chabek being adopted in Cuyahoga County." In regard to the adoption issue, the probate court indicated that the appellant "as potential adoptee" should be able to ascertain from relevant records from the Ohio Department of Health by what authority his birth record was changed.

{¶ 8} Thereafter, it was learned by correspondence dated January 27, 2023, from the Ohio Department of Health that a "Declaration of Paternity" had been filed by Robert Chabek and Judith Chabek for the child Brett Chabek. Upon the request of the appellant's counsel, the probate court issued an order on February 21, 2023, that allowed the Ohio Department of Health, Division of Vital Statistics, to release information regarding the birth and amended birth record for Brett, including the declaration of paternity. The probate court found that "the parentage of Brett Chabek" was relevant to the case.

{¶ 9} On May 3, 2023, the probate court denied the appellant's motion for summary judgment. A status hearing was held on May 30, 2023. There is no transcript of this proceeding in the record.

{¶ 10} On June 21, 2023, a judgment entry was issued that determined the action. In its decision, the probate court noted that during the status hearing, the earlier correspondence from the Ohio Department of Health was discussed. The probate court also noted that it had ordered the Ohio Department of Health to release the declaration of paternity that was filed. The court found that the correspondence from January 2023 confirmed that the appellant's original birth record had been "*amended to establish paternity and now includes the father's*

name, Robert Charles Chabek *pursuant to Ohio Revised Code Section 3705.09.*" (Emphasis added.) The probate court further indicated that during the status hearing, the attorneys "acknowledged that the birth record as verified by the Ohio Department of Health is dispositive of the issues raised in the Complaint and declined to submit additional briefing on the matter." Whereupon, the probate court proceeded to render the following disposition:

> The Court finds and **Orders** that paternity of Brett Chabek was established by Robert Chabek during Brett Chabek's minority and further **Orders** that Robert Chabek is the legal father of Brett Chabek pursuant to Ohio Revised Code 3705.09.
>
> The Court further finds and **Orders** that because Robert Chabek has been determined to be the legal father of Brett Chabek, the decedent Richard A. Gajdos, Sr. cannot be the legal father of Brett Chabek and Brett Chabek is not entitled to inherit from decedent Richard A. Gajdos, Sr.

{¶ 11} The appellant timely filed this appeal.

## II.    Assignments of Error

{¶ 12} The appellant raises two assignments of error for our review, which provide as follows:

> [I.] The probate trial court erred as a matter of law by dismissing appellant Brett Chabek's rights to inherit from his father Richard A. Gajdos Senior's Estate.
>
> [II.] The Cuyahoga County probate court erred as a matter of law by determining that appellant Brett Chabek's second birth certificate determined that Robert Chabek was the legal father of Brett Chabek and therefore that Brett Chabek is not entitled to inherit from the Estate of Decedent Richard A. Gajdos, Senior who is his biological father.

### III. Law and Analysis

{¶ 13} We limit our review of this matter to the arguments presented.

{¶ 14} It is well established that in Ohio, probate courts are vested with "'original and exclusive jurisdiction over adoption proceedings,'" which are governed by R.C. Chapter 3107. *See In re Adoption of McDermitt*, 63 Ohio St.2d 301, 307, 408 N.E.2d 680 (1980), quoting *State ex rel. Portage Cty. Welfare Dept. v. Summers*, 38 Ohio St.2d 144, 311 N.E.2d 6 (1974), paragraph two of the syllabus. Appellant argues that R.C. Chapter 3107 exclusively governs adoptions in Ohio and claims that none of those procedures were followed with respect to the process of adopting him. He further references R.C. 3111.02(a), which is part of the Ohio Parentage Act and provides in part that "[t]he parent and child relationship between a child and the adoptive parent of the child may be established by proof of adoption or pursuant to [R.C.] Chapter 3107." He states the decedent never consented to an adoption and never waived his parental rights to his son.

{¶ 15} The premise of the appellant's argument is misplaced. He argues that the probate court has exclusive jurisdiction over adoptions and that adoptions are not permitted through the filing of an amended birth certificate. There simply is no legal basis for an amended birth certificate to effectuate an adoption, and the probate court never suggested otherwise in this case. The probate court searched its own docket and found no record of the appellant being adopted.

{¶ 16} Contrary to the appellant's assertion, this case does not stand for the proposition that an amended birth certificate can effectuate an adoption. To be

clear, it does not. Our review of the record shows no misapplication of Ohio's adoption laws by the probate court in this matter.

{¶ 17} In denying summary judgment, the probate court recognized that there are several methods for establishing parentage. Upon further investigation of the appellant's birth record, it was discovered that a "Declaration of Paternity" was filed. R.C. 3705.09 provides procedures for the filing and registration of a birth certificate. Relevant to the establishment of the appellant's birth record, R.C. 3705.09(G) authorizes the issuance of a new birth record by the Department of Health upon an acknowledgment of paternity that has become final and enforceable.

{¶ 18} Insofar as the appellant claims nothing in R.C. 3705.09 permits an adoption to occur through the issuance of a new birth record, here again, that is not what occurred and the probate court did not conclude otherwise in this case. The appellant further argues, R.C. 3705.09, which governs the filing and registration requirements for a birth certificate, does not explicitly provide for a biological father's loss of parental rights upon the filing of a second birth certificate. The appellant misses the point. The record demonstrates that the appellant's birth record was established by a declaration of paternity, not through an adoption. As a direct result, it shows the name of his father to be Robert Chabek. As the trial court properly determined, the Ohio Department of Health confirmed the appellant's birth record had been "amended to establish paternity and now includes the father's name, Robert Charles Chabek pursuant to Ohio Revised Code Section 3705.09." Therefore, it was not by adoption but through the process under R.C. 3705.09 that

the probate court found that Robert Chabek is the legal father of the appellant and rendered its determinations.

{¶ 19} As argued by the appellees, the central issue in regard to the decedent's estate ultimately is not about adoption, but rather it is about establishing parentage for purposes of enabling the appellant to be deemed a legal next of kin of the decedent who is eligible to inherit from the decedent's estate.[3] Ohio law allows an illegitimate child born out of wedlock to inherit from the natural father under R.C. 2105.06 only in certain circumstances. *See Powell v. Williams*, 2022-Ohio-526, 185 N.E.3d 595, ¶ 12 (8th Dist.); *White v. Randolph*, 59 Ohio St.2d 6, 8, 391 N.E.2d 333 (1979); R.C. Chapter 2105. Appellees cite *In re Estate of Hicks*, 90 Ohio App.3d 483, 629 N.E.2d 1086 (6th Dist.1993), which recognizes the parent-child relationship must be established before the death of the father in order for an illegitimate child to inherit under R.C. Chapter 2105. *Id.* at 485-486; s*ee also Ehman v. Harvey*, 2023-Ohio-1129, 211 N.E.3d 1276, ¶ 11 (4th Dist.), quoting *Byrd v. Trennor*, 157 Ohio App.3d 358, 2004-Ohio-2736, 811 N.E.2d 549, ¶ 28 (2d Dist.). Although a child may also bring an action to determine the existence of a father-child relationship under R.C. 3111.04 of the Ohio Parentage Act, as this court has previously recognized, the action must be brought within five years after the child reaches the age of majority pursuant to R.C. 3111.05. *See Powell* at ¶ 22; *see*

---

[3] The appellees represent that the will was declared invalid by the probate court and Daniel E. Gajdos was appointed as administer of the intestate estate. Pursuant to R.C. 2105.06, when a person dies intestate, his property is distributed according to laws of intestate succession.

*also Ehman* at ¶ 11, 18-19. "[A]ppellant could have possibly acted prior to [the decedent's] death to use alternative means to establish their relationship." *Ehman* at ¶ 19, citing *Byrd*.

{¶ 20} Here, the appellant premised his legal argument upon whether his birth certificate could effectuate an adoption. To this end, we recognize the probate court held a status hearing at which the attorneys acknowledged the appellant's birth record was dispositive of the issues in this case. The declaration of paternity was legally determinative of the issues raised. "[T]his court is bound by the laws as written." *Powell* at ¶ 26. Accordingly, we find the probate court did not err in reaching its determinations.

{¶ 21} For the foregoing reasons, we overrule the assignments of error.

{¶ 22} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MICHELLE J. SHEEHAN, P.J., and
MARY J. BOYLE, J., CONCUR